**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Respondent,<br>vs.<br><br>DERRICK LAMONT ROBINSON,<br>      Movant.<br>_____/ | CRIMINAL ACTION NO. 05-CR-80407-DT<br>CIVIL ACTION NO. 08-CV-11452-DT<br><br>DISTRICT JUDGE GERALD E. ROSEN<br><br>MAGISTRATE JUDGE MONA K. MAJZOUB |

**REPORT AND RECOMMENDATION**

**I.** **RECOMMENDATION:** Movant Robinson's Motion to Vacate Sentence (No. 05-80407, docket no. 33) should be **DENIED**.

**II.** **REPORT:**

This is a motion to vacate sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255. (Docket no. 33).[1] Movant filed his motion on April 3, 2008. Respondent filed its Response on October 9, 2008. (Docket no. 49). Movant filed a Reply brief. (Docket no. 47). This matter was referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 35). The Court finds that an evidentiary hearing is not required and that this Motion may be decided on the briefs. *See* 28 U.S.C. § 2255; Rule 8, Rules Governing Section 2255 Proceedings. This matter is therefore ready for ruling.

---

[1] Movant filed a second duplicate motion as well. (Docket no. 37). Movant also filed a Motion for Summary Judgment which should be denied based on the same grounds as his section 2255 motion. (Docket no. 38). Finally, Movant filed a Motion to Grant Evidentiary Hearing which should also be denied. (Docket no. 48).

-1-

### A. Facts and Claims

Movant Robinson pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g) and was sentenced as an armed career criminal under 18 U.S.C. § 924(e) on March 21, 2007 to 130 months to run concurrent with a state sentence Movant was serving at the time. (Docket nos. 29, 31). Judgment was entered on April 20, 2007. (Docket no. 31). Movant filed this section 2255 Motion on April 3, 2008. (Docket no. 33).

Movant Robinson claims that his attorney rendered ineffective assistance of counsel because of several alleged deficiencies in counsel's conduct during her representation of Movant. (Docket no. 33 at 5). Movant alleges that counsel's conduct was deficient in the following ways: (1) counsel failed to research the fact that Movant was indicted under the Project Safe Neighborhood (PSN) program; (2) counsel failed to make the Government prove that the firearm crossed state lines; (3) his plea lacked a factual basis for connection to interstate commerce; (4) counsel failed to explain the essential elements of the offense; (5) counsel failed to inform Movant of the right to seek a conditional plea to preserve Fourth Amendment pretrial motions; (6) counsel failed to discover that two of Movant's prior state convictions were not prerequisites for the armed career criminal enhancement; and (7) counsel failed to consult with Movant about exercising his appellate rights. (Docket no. 33 at 7-10).

The record shows that Detroit police stopped the vehicle driven by Movant on March 3, 2005 while driving a vehicle because the vehicle was speeding and had a cracked windshield. (Docket no. 23 at 1). After stopping Movant's vehicle the officers observed Movant stuff a handgun under the driver's seat of the car. (*Id.*). The officers arrested Movant and searched his car finding the handgun that he was charged with possessing. (*Id.* at 4). During his plea hearing, Movant testified

that on March 3, 2005 he had a handgun in his possession while knowing that he was a convicted felon. (Docket no. 43 at 30). Movant was represented by Assistant Federal Public Defender Chastang who stipulated during the hearing that the firearm had traveled in interstate commerce. (*Id*. at 31). The plea hearing transcript also reveals that Movant's guideline range was 180 to 210 months taking into consideration a three level reduction for acceptance of responsibility. (*Id*. at 25). However, Movant was subject to a mandatory minimum term of 180 months pursuant to 18 U.S.C. § 924(e).[2] (*Id*.). Movant had cooperated with the government, and the government agreed to make a motion under section 5K of the sentencing guidelines to reduce Movant's sentencing range to 135 to 157 months. (*Id*. at 26). During the plea hearing Movant agreed that his plea agreement contained a provision whereby he waived his appeal rights if the sentence imposed falls within the guideline range of 180 to 210 months. (*Id*. at 27). Movant advised the Court that counsel had explained his charges to him and explained his Rule 11 plea agreement. (*Id*. at 12). Movant stated that he had no complaints about his counsel's performance and was satisfied with her services. (*Id*. at 13).

Respondent argues that the record clearly contradicts Movant's claims and that his Motion should be denied without a hearing. (Docket no. 49).

**B.  Governing Law**

In order to succeed on his claim that counsel rendered ineffective assistance, Movant must show that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defendant. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-

---

[2] Movant's criminal history includes a conviction in May 2000 for delivering or manufacturing controlled substances under 50 grams, a conviction for the same date for CCW, a conviction from May 23, 2000 for another delivery or manufacturing of a controlled substance, and a conviction from 2004 for delivery or manufacturing a controlled substance. (Docket no. 43 at 22-23).

77 (2000); *see Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689.

**C.     Analysis**

**1.     Failure to Research Project Safe Neighborhoods**

Movant first argues that counsel rendered ineffective assistance by failing to research the Project Safe Neighborhoods program. He claims that he had a right to enter a plea to an offense in state court before his case was transferred to federal court which would have resulted in him serving less time in prison. (Docket no. 33 at 11). Movant relies on a purported excerpt from the Project's rules and regulations. (Docket no. 37 ex. A). That excerpt states that once the federal and state prosecutors have determined that a case qualifies for federal court, "the defendant is given the opportunity to accept a high-end state offer in lieu of federal prosecution." (*Id.*). Even if this is a rule of the Project as Movant alleges, he fails to show that he had a constitutional right to enter a plea in state court. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) (no constitutional right to plea bargain); *United States v. Sammons*, 918 F.2d. 592, 601 (6th Cir. 1990). Movant does not allege that he was actually offered a plea deal in state court. Therefore, Movant fails to show that the failure of the state prosecutor to offer him a plea offer violated his constitutional rights.

In addition, Movant's counsel did not enter the case until Movant was charged federally. (Docket no. 2). Therefore, counsel could not be found to be deficient for not ensuring that Movant pled guilty in state court before she entered the case. Accordingly, Movant's claim that counsel rendered ineffective assistance by not researching this Project should be rejected.

### 2. Interstate Commerce; Factual Basis

Movant next claims that counsel failed to make the government prove that the firearm he possessed had traveled in interstate commerce. (Docket no. 33 at 12-17). Movant's plea agreement states that the parties agree that the weapon possessed by Movant had traveled in interstate commerce. (Docket no. 29 at 2). Therefore, Movant agreed to this stipulation by signing his plea agreement and by confirming his understanding of the plea agreement during his plea hearing. (Docket no. 43 at 27); *United States v. Baez*, 87 F.3d 805, 810 (6th Cir. 1996) (when plea agreement's written description of essential facts supports finding of guilty, the defendant's acknowledgment of accuracy of agreement's provisions satisfies requirement of factual basis for a plea). Movant fails to offer any evidence showing that the firearm had not traveled in interstate commerce. Accordingly, Movant has failed to show that counsel acted unreasonably, or that he was prejudiced, by counsel failing to ensure that the Government proved this element. Movant has also failed to show that his plea lacked a factual basis based on this argument.

### 3. Essential Elements of Offense

Movant next argues that counsel failed to explain the interstate commerce element of the offense. (Docket no. 33 at 17-20). Movant's plea agreement clearly sets out as one essential element of Movant's offense that the "firearm previously traveled in interstate commerce." (Docket no. 29 at 2). Movant stated under oath during his plea hearing that counsel had gone over and explained his plea agreement. (Docket no. 43 at 12). Additionally, during his plea hearing the court read the charge against Movant which included the fact that the .38 caliber revolver Movant possessed "was manufactured outside the State of Michigan and, therefore, traveled in interstate commerce." (*Id.* at 15). Movant told the court that he understood the charge. (*Id.*).

This court may rely upon Movant's sworn statements made during his plea hearing which show that the interstate commerce element of his offense was explained to him by counsel and by the sentencing court. In *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977), the Court stated that the representations of the defendant, his lawyer and the prosecutor during a plea hearing, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Such representations carry a "strong presumption of verity" and the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." (*Id*. at 74). In light of Movant's plea hearing transcript, his allegations of not understanding the interstate commerce element of his offense are conclusory allegations unsupported by specifics and are wholly incredible. Accordingly, this claim should be rejected.

### 4. Failure to Inform of Right to Enter Conditional Plea

Movant claims that counsel failed to inform him that he had the right to make a conditional plea to preserve his Fourth Amendment claims of an unlawful seizure when his vehicle was stopped by the police. (Docket no. 33 at 20-21). As stated previously, Movant did not have a constitutional right to a plea bargain of any kind. *Weatherford v. Bursey*, 429 U.S. at 561 (no constitutional right to plea bargain); *United States v. Sammons*, 918 F.2d. at 601. Movant has not offered any evidence showing that the Government would have agreed to such a conditional plea, and the Government denies that such a plea was an option for Movant. (Docket no. 49 at 9). Accordingly, Movant has failed to show that he was prejudiced in any way by counsel's alleged failure to seek a conditional plea on his behalf. This claim should be rejected.

### 5.     Failure to Research Prior State Convictions

Movant argues that counsel rendered ineffective assistance by failing to find that two of his prior state convictions did not qualify as qualifying convictions for the section 924(e) sentencing enhancement. (Docket no. 33 at 21-23). Movant's plea agreement lists three Michigan convictions for delivering or manufacturing under 50 grams of a controlled substance. (Docket no. 29 at 15). The dates for the imposition of these sentences are 5/15/2000, 5/23/2000, and 2/6/2004. (*Id*.). Under state law, these offenses were punishable by imprisonment for up to 20 years. Mich. Comp. Laws § 333.7401(2)(a)(iv). Section 924(e) enhances sentences for those convicted of section 922(g) offenses (felon in possession of a firearm) who have three prior convictions for "serious drug offenses." Under 18 U.S.C. § 924(e)(2)(A)(ii) a serious drug offense is an offense under state law involving manufacture or distribution of a controlled substance and having a maximum term of imprisonment of 10 years.

Movant claims that he was discharged successfully from a probationary sentence he received for a June 30, 1995 drug conviction sentence. (Docket no. 33 at 21). He also claims that he was successfully discharged on December 12, 2004 from his sentence imposed on May 15, 2000 for a delivery conviction. (*Id.*). He claims that because his rights were restored on these convictions, he did not have the required three predicate convictions necessary for the application of section 924(e). Movant's alleged 1995 conviction does not appear in his criminal history calculation in his plea agreement. The May 15, 2000 conviction is one of the three convictions relied upon for the section 924(e) enhancement, however. Therefore, the question is whether Movant has shown that his rights were restored on this conviction to the extent required for it not to count as a predicate conviction under section 924(e).

Courts have held that in order for a prior conviction to be a proper predicate conviction under section 924(e), the conviction must satisfy the requirements of section 921(a)(20) which provides that any conviction for which the person "has had civil rights restored" shall not be considered a conviction, unless such restoration of rights expressly provides that the person may not ship, transport, possess or receive firearms. *United States v. Carnes*, 113 F. Supp. 2d 1145, 1156 (E.D. Mich. 2000). The question is whether even after the restoration of rights as alleged by Movant, his right to possess a handgun under Michigan law was still restricted. (*Id*. at 1157). This is so because the Supreme Court in *Caron v. United States*, 524 U.S. 308 (1998) adopted an "all or nothing" approach and held that even a limited state-law restriction on a former felon's firearm privileges is sufficient to trigger the "unless" clause of section 921(a)(20) and render a prior state-court conviction eligible for consideration under the federal firearm law. *Carnes*, 113 F. Supp. 2d at 1159. Movant argues that his voting rights, right to sit on a jury, and right to hold public office were restored. (Docket no. 33 at 21-22). However, he does not allege that his right to possess a handgun was restored. (*Id*.). Therefore, Movant has failed to show that counsel rendered ineffective assistance by failing to research his prior state court convictions and determine that at least one was not a proper predicate conviction under section 924(e)(1).[3] This claim should be rejected.

---

[3] It does not appear that Movant could establish that all of his firearm rights under Michigan law had been restored at the time he committed the offense on March 3, 2005 or at the time he was sentenced. First, Movant would have had to apply for a restoration of his right to possess a firearm. Mich. Comp. Laws § 750.224f(2)(b); § 28.424. Movant does not allege that he successfully applied for restoration. Even if he had applied, section 28.424 does not allow restoration of rights for those convicted of a "specified felony," as Movant was, until 5 years after successful discharge from probation or parole. Movant alleges he was discharged in 2004. Therefore, the five-year waiting period has not yet expired.

### 6. Consultation about an Appeal

Movant argues in his final claim that counsel failed to consult with him about exercising his appellate rights by appealing his sentence. (Docket no. 33 at 23). Movant states that after sentencing he felt his sentence was harsh, and that his wife wrote the sentencing judge requesting a reduction of his sentence. (*Id.*). He says that if he had known that he had the right to appeal, he would have requested counsel to file an appeal. (*Id.*). Movant argues that appeal waivers are not without limits. He notes that even though an appeal has been waived, an appeal may still be pursued on grounds such as the statutory maximum sentence has been exceeded, prosecutorial misconduct, and ineffective assistance of counsel. (*Id.* at 25).

As Movant argues, the analysis of whether counsel rendered ineffective assistance by failing to consult with him regarding an appeal is controlled by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). In that case the Supreme Court held that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think that either (1) a rational defendant would want to appeal (because for instance there are non-frivolous grounds for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. (*Id.* at 479). Even if counsel is found to have a duty to consult, a sentencing court's instructions to a defendant about his appeal rights may be so clear so as to substitute for counsel's duty to consult. (*Id.*).

In the present action, a reasonable attorney would not have thought that a rational defendant in Movant's position would have wanted to appeal. Movant pled guilty and admitted his guilt. He was subject to a mandatory minimum sentence, but had cooperated with the government and gained a sentence reduction. He was sentenced to 130 months. This sentence was substantially below his

guideline range of 180-210 months, the range that a sentence above which would have allowed Movant to withdraw his plea. (Docket no. 29). Finally, no non-frivolous grounds for appeal appear in the record, and Movant had agreed in his plea agreement to waive his right to appeal so long as his sentence was within the guideline range. In addition, there is no evidence that Movant reasonably demonstrated to counsel that he was interested in appealing. Movant's wife's letter to the sentencing judge requesting a sentence reduction does not put a reasonable attorney on notice that Movant wanted to file an appeal. Therefore, counsel in this case did not have a constitutionally imposed duty to consult with Movant regarding an appeal. This final claim should be rejected.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 22, 2008                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

      I hereby certify that a copy of this Report and Recommendation was served upon Derrick Lamont Robinson and Counsel of Record on this date.

Dated: October 22, 2008                s/ Lisa C. Bartlett
                                       Courtroom Deputy