**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DERRICK LAMONT ROBINSON,

       Petitioner,

                               Civil No. 08-11452
v.                                  Criminal No. 05-80407

UNITED STATES OF AMERICA,      Hon. Gerald E. Rosen
                                  Magistrate Judge Mona K. Majzoub

       Respondent.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____ April 30, 2009 _____

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

On October 22, 2008, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R & R") recommending that the Court deny Petitioner Derrick Lamont Robinson's motion under 28 U.S.C. § 2255 to vacate his sentence.  Petitioner filed objections to the R & R on November 14, 2008.  Having reviewed the R & R and Petitioner's objections, as well as the parties' submissions in support of and opposition to Petitioner's underlying § 2255 motion, the accompanying exhibits, and the record as a whole, the Court fully concurs in the Magistrate Judge's analysis, and finds no merit in Petitioner's objections.  Thus, for the reasons stated briefly below, the Court adopts the Magistrate Judge's R & R as the opinion of this Court.

Petitioner first objects that the Magistrate Judge misconstrued his argument based on the Project Safe Neighborhoods ("PSN") initiative.  As Petitioner explains it, his PSN-based challenge rests upon the premise that he was entitled to a two-year plea offer in state court before his case was referred for federal prosecution.  Yet, the R & R addresses (and rejects) precisely this proposition, explaining that Petitioner cannot establish a constitutional violation absent any allegation "that he was actually offered a plea deal in state court."  (R & R at 4.)[1]  This conclusion fully comports with the ruling of this Court in a prior case.  *See United States v. Robinson,* 408 F. Supp.2d 437, 442-44 (E.D. Mich. 2005); *see also United States v. Williams,* No. 08-11203, 2009 WL 127774, at *3 (E.D. Mich. Jan. 20, 2009).  Accordingly, this objection lacks merit.

Next, Petitioner objects that the Magistrate Judge erred in concluding that his guilty plea had a sufficient factual basis as to the "interstate commerce" element of the charged 18 U.S.C. § 922(g) offense.  Again, however, the R & R sufficiently addresses (and properly rejects) this challenge, explaining that the requisite factual basis was established through (i) Petitioner's execution of a Rule 11 plea agreement in which the parties stipulated that the subject weapon had traveled in interstate commerce, and (ii) Petitioner's acknowledgment at the plea hearing that he understood the terms of his plea agreement.  (*See* R & R at 5.)  The case Petitioner cites in support of his objection is

---

[1]Even if Petitioner had produced evidence of a state plea offer, he would not be entitled to relief in an ensuing federal case absent a showing that the federal prosecutor was involved in the state plea bargaining process, with the result that this process denied Petitioner's rights in some way.  *See United States v. McConer,* 530 F.3d 484, 494-95 (6th Cir. 2008).  Nothing in the record suggests that Petitioner could make such a showing here.

2

inapposite, as the district court in that case had affirmatively misinformed the defendant about the law governing one of the elements of the offense to which he had pled guilty. *See Waucaush v. United States,* 380 F.3d 251, 258-59 (6th Cir. 2004). Here, Petitioner makes no similar claim that he was misinformed, and the element at issue — *i.e.,* that the weapon possessed by Petitioner must have traveled in interstate commerce — does not demand any significant degree of legal knowledge or sophistication to be understood.

Petitioner's next objection fails on similar grounds. Specifically, he faults his counsel for failing to sufficiently explain each of the elements — and, in particular, the "interstate commerce" element — of the offense to which he pled guilty. The Magistrate Judge has already identified the infirmities in this challenge, (*see* R & R at 5-6), and the Court need not repeat this discussion here. The Court concurs, in particular, with the Magistrate Judge's conclusion that Petitioner's claimed lack of understanding of the "interstate commerce" element of the charged offense is "wholly incredible," in light of the plea agreement and Petitioner's statements to the Court at the plea hearing. (R & R at 6.)

Petitioner's next "objection" — *i.e.,* that his counsel performed deficiently by failing to pursue a conditional guilty plea — is merely a restatement of one of the grounds of his underlying § 2255 petition, without any effort to identify any infirmity in the Magistrate Judge's analysis of this issue. Accordingly, there is no need for the Court to add to the R & R's discussion on this point. Similarly, Petitioner's sixth "objection" — *i.e.,* that his trial counsel performed deficiently by failing to consult with him about filing

3

a direct appeal — merely restates one of his underlying claims, and the Magistrate Judge thoroughly addressed this claim in the R & R.

Finally, Petitioner objects to the Magistrate Judge's rejection of his claim that his civil rights had been restored following his May 15, 2000 conviction, so that this conviction could not be counted toward the three requisite convictions to trigger a sentencing enhancement under 18 U.S.C. § 924(e).  Yet, Petitioner does not even address, much less refute, the Magistrate Judge's point that any such restoration of rights would not satisfy 18 U.S.C. § 921(a)(20) if Petitioner's "right to possess a handgun under Michigan law was still restricted."  (R & R at 8 (citing *United States v. Carnes,* 113 F. Supp.2d 1145, 1157-59 (E.D. Mich. 2000)).)  As observed in the R & R, Petitioner has not alleged, much less shown, that this restriction was fully lifted.  (*See* R & R at 8.) Moreover, Petitioner's citation to *United States v. Morton,* 17 F.3d 911, 914-15 (6th Cir. 1994), is unavailing, as that decision addressed the effect of an intervening change in state law, and Petitioner has not identified any analogous change in Michigan law that would affect the analysis of his prior Michigan convictions under § 924(e).

For these reasons,

4

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's October 22, 2008 Report and Recommendation is ADOPTED as the opinion of this Court, as supplemented by the rulings in this order.  IT IS FURTHER ORDERED that, for the reasons stated in the Magistrate Judge's R & R and the additional reasons set forth above, Petitioner's April 3, 2008 motion to vacate, set aside, or correct his sentence (docket #33) is DENIED.  IT IS FURTHER ORDERED that Petitioner's October 3, 2008 motion to grant evidentiary hearing (docket #48) is DENIED, as the Court concurs in the Magistrate Judge's determination that an evidentiary hearing is not required.  Finally, in light of the very clear and well-settled grounds upon which the Court has denied Petitioner's requests for relief under 28 U.S.C. § 2255, IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to any appeal that Petitioner might pursue from this ruling.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated: April 30, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud_____
Case Manager

5